IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LEWIS JERMAINE CHAPMAN,       )
                              )
            Plaintiff,        )
                              )
      v.                      )          1:11CV194
                              )
JOEL HERRON,                  )
                              )
            Defendant.        )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Petitioner's Motion for Appointment of Counsel (Docket Entry 2), Motion for an Order (Injunctive) Compelling Respondant's [sic] Reply (Docket Entry 15), and Motion to Strike Respondants [sic] Reply Answer on Merits of Petition for Writ of Habeas Corpus (Docket Entry 21). For the reasons that follow, the Court will deny the instant Motions.

BACKGROUND

This case began when Petitioner filed a pro se Petition pursuant to 28 U.S.C. § 2254 (Docket Entry 1), along with his instant Motion for Appointment of Counsel (Docket Entry 2). The Court subsequently ordered a response from Respondent contingent upon Petitioner's submission of the $5.00 filing fee. (Docket Entry 5.) After the Court received said payment from Petitioner (see Docket Entry dated Apr. 12, 2011), Respondent timely submitted an Initial Answer (Docket Entry 8), Motion to Dismiss on Statute of Limitations Grounds (Docket Entry 9), and Brief in Support (Docket

Entry 10). The Clerk then promptly sent Petitioner a letter advising him that Respondent had filed the foregoing Motion to Dismiss and explaining that Petitioner "ha[d] the right to file a 20-page <u>response</u> in opposition . . . within 21 days from the date of service of [said] motion upon [him]." (Docket Entry 11 at 1 (emphasis added).)

Within that 21-day period, Petitioner filed documents he entitled "Motoin [sic] Objecting to Respondants [sic] Motoin [sic] Denying Petitioner's Habeas Corpus" (Docket Entry 12) and "Brief in Support of Motion Reply" (Docket Entry 13), which the Clerk docketed as a Response to Respondent's foregoing Motion to Dismiss and as a Brief in support of such Response, respectively. Two and a half months later, Petitioner filed his instant Motion for an Order (Injunctive) Compelling Respondant's [sic] Reply (Docket Entry 15), this time without a supporting brief. Respondent responded in opposition (Docket Entry 16) and then filed an Answer on the Merits to Petition for Writ of Habeas Corpus (Docket Entry 17), Motion for Summary Judgment (Docket Entry 18), and Brief (Docket Entry 19). After the Clerk sent Petitioner another letter regarding his right to respond to Respondent's summary judgment motion (Docket Entry 20), Petitioner filed his instant Motion to Strike Respondants [sic] Reply Answer on Merits of Petition for Writ of Habeas Corpus (Docket Entry 21), along with a document entitled "Brief in Support of Motion to Strike's [sic] Respondants [sic] Reply" (Docket Entry 22).

DISCUSSION

First, as to Petitioner's instant Motion for Appointment of Counsel, the Court notes that "[p]risoners have no right to counsel in a collateral proceeding." United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992). Instead, "[t]he determination whether to appoint counsel [for a state prisoner in a habeas case] is left to the discretion of the district court." Murvin v. Creecy, 812 F.2d 1401 (table), 1987 WL 36472 (4th Cir. Feb. 25, 1987) (unpublished). In exercising that discretion, the Court must determine whether Petitioner has shown "that his case is one with exceptional circumstances." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989). More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

In this case, it is apparent neither that Petitioner has a colorable claim nor that he lacks the capacity to present any such claim. Moreover, the grounds cited by Petitioner in support of his instant request (see Docket Entry 2 at 2) reflect circumstances confronted by many prisoner-litigants and thus do not, by

definition, qualify as exceptional.  As a result, the Court will exercise its discretion to deny appointment of counsel.

Nor do Petitioner's other two instant Motions warrant any action by the Court.  As set out in the Background section, when the Court directed Respondent to respond to the Petition, Respondent filed an Initial Answer, a Motion to Dismiss, and a Brief, all of which asserted that the statute of limitations barred Petitioner's claims.  The applicable rules permit such action. <u>See</u> Rule 4, Rules Governing Sect. 2254 Cases ("If the petition is not [summarily] dismissed, the judge must order the respondent to file an answer, motion, or other response . . . ."); Rule 4, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (2004 Amends.) (observing that said rule "reflects that the response to a habeas petition may be a motion"); Rule 5, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (2004 Amends.) (noting that "Rule 4 permits th[e] practice" of a "respondent fil[ing] a pre-answer motion to dismiss the petition"); <u>see also</u> <u>Rouse v. Lee</u>, 339 F.3d 238, 253 n.17 (4th Cir. 2003) (en banc) (recognizing propriety of consideration by courts of motion by respondent to dismiss habeas petition as untimely before receiving respondent's filing on merits of petitioner's claims).  This approach makes sense because "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition."  Rule 4, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (1976 Adoption).

-4-

The Court advised Petitioner of his right to file a "response in opposition" to Respondent's foregoing Motion to Dismiss. (Docket Entry 11 at 1.) Within the allotted time, Petitioner submitted documents which he styled as "Motoin [sic] Objecting to Respondants [sic] Motoin [sic] Denying Petitioner's Habeas Corpus" (Docket Entry 12) and "Brief in Support of Motion Reply" (Docket Entry 13). Because these filings did not assert any technical or procedural objection to the Motion to Dismiss, but instead appeared to address the substance of the arguments raised by Respondent, the Clerk reasonably docketed them as a Response in opposition to Respondent's Motion to Dismiss and as a Brief in support of such Response.[1] Under these circumstances, Respondent had no obligation to respond. The instant Motion for an Order (Injunctive) Compelling Respondant's [sic] Reply, in which Petitioner asks the Court "to issue its order, requiring that the respondant [sic] reply to, Petitioner's previous motion" (Docket Entry 15 at 1) and "to pay the petitioner $1,000.00/a day, everyday that lapses from respondant [sic] replying" (id. at 2), thus lacks merit.

In addition to mistakenly asserting that Respondent had an obligation to respond to a filing mislabeled as a motion, Petitioner's Motion for an Order (Injunctive) Compelling

---

[1] Indeed, if the Clerk had not done so, Petitioner would have been left without any response to Respondent's Motion to Dismiss and, as the Clerk's letter had warned, the absence of such a response could have caused the Court to treat said Motion to Dismiss as uncontested and thus subject to granting as a matter of course. See M.D.N.C. LR7.3(k).

-5-

Respondant's [sic] Reply also complained that Petitioner "suffer[ed] potential prejudice" due to Respondent's delay in addressing "the accusations in the Habeas Corpus application" (id. at 3). "In light of [such] complaints about Respondent's initial answer being limited to the statute of limitations defense . . ., [Respondent] prepared and filed [an] answer on the merits, a motion for summary judgment and supporting brief, and a copy of the trial transcript." (Docket Entry 17 at 1.) Remarkably, despite having claimed prejudice from the absence of an answer on the merits, Petitioner reacted to Respondent's filing of such an answer by filing the instant Motion to Strike Respondants (sic) Reply Answer on Merits of Petition for Writ of Habeas Corpus (Docket Entry 21).

As grounds for such action, Petitioner asserted that Respondent had not complied with this Court's Local Rule 56.1(a) by failing to file (in Petitioner's words) "a dispotive [sic] notice to all parties . . . within 10 days following close of discovery period[.]" (Id. at 1.)[2] Even setting aside the inconsistency of demanding and decrying the same action, Petitioner's argument in this regard has no basis. In habeas cases (unlike routine civil cases), discovery does not occur as a matter of course. See, e.g., Stephens v.

---

[2] Petitioner's "Brief in Support of Motion to Strike's [sic] Respondants [sic] Reply" does not provide contentions to support the striking of Respondent's Answer on the Merits and Motion for Summary Judgment, but instead appears to present arguments designed to rebut the position taken by Respondent in said filings about the merits (or lack thereof) of the claims in the Petition. (See Docket Entry 22.)

-6-

Branker, 570 F.3d 198, 213 (4th Cir. 2009). Because the Court has not authorized any discovery in this case, there was no discovery period as to which Local Rule 56.1(a) would apply.[3] Simply put, Petitioner's instant Motion to Strike Respondants (sic) Reply Answer on Merits of Petition for Writ of Habeas Corpus provides no basis for the relief it requests.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket Entry 2), Motion for an Order (Injunctive) Compelling Respondant's (sic) Reply (Docket Entry 15), and Motion to Strike Respondants (sic) Reply Answer on Merits of Petition for Writ of Habeas Corpus (Docket Entry 21) are **DENIED**. The Court will treat Petitioner's "Brief in Support of Motion to Strike's [sic] Respondants [sic] Reply" (Docket Entry 22) as a Response to Petitioner's Motion for Summary Judgment (Docket Entry 18).

                                      /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**

August 2, 2012

---

[3] The fact that this Court's Local Rules regarding civil procedure lack uniform applicability in the habeas context is unremarkable, given that such rules merely represent an extension of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 83(a), which do not apply uniformly to habeas cases, see Rule 12, Rules Governing Sect. 2254 Cases. In other words, "[t]he [C]ourt does not have to rigidly apply rules [of civil procedure] which would be inconsistent or inequitable in the overall framework of habeas corpus." Rule 12, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (1976 Adoption).